UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRUCE BIERMAN,

    Plaintiff,

    v.

TOSHIBA CORPORATION,

    Defendant(s).
_____/

No. C 12-5375 PJH

**ORDER GRANTING MOTION TO REMAND**

    Before the court is plaintiff's motion to remand the above-entitled action to the Superior Court of California, County of Marin. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion.

    Plaintiff Bruce Bierman ("Bierman") argues that this case should be remanded for lack of subject matter jurisdiction. There is a "strong presumption" against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

    Bierman originally filed the complaint in Marin County Superior Court in July 2010, against defendants Toshiba Corporation ("Toshiba Corp.") and Toshiba America Information Systems ("TAIS"). TAIS removed the case to this court in September 2010 as case No. C-10-4203 MMC, asserting that the complaint "arises under federal copyright laws." In the notice of removal, TAIS alleged that it had been served with the summons

and complaint on August 20, 2010, and that "[n]o other defendant has been served with the [s]ummons and [c]omplaint."

On October 4, 2010, the court, Judge Chesney presiding, issued an order to show cause re remand, directing TAIS to show cause why the case should not be remanded, on the basis that Bierman had alleged no federal claims (including copyright claims) and had asserted state law causes of action only. In its response, TAIS argued that removal was warranted under the complete preemption doctrine, because three of Bierman's state law claims were preempted by the Copyright Act. On November 12, 2012, the court issued an order remanding the case to the Marin County Superior Court.

In the remand order, the court found that the sixth cause of action for breach of a licensing agreement was not preempted by the Copyright Act, but did find that the seventh cause of action for unjust enrichment/restitution was preempted to the extent that it was based on the theory that TAIS made misrepresentations to obtain the Bookmark software from Bierman and then used his (copyrighted) software. The court noted, however, that Bierman had disclaimed any reliance on such a theory, and had indicated that he intended to base his unjust enrichment/restitution claim solely on the theories that TAIS had breached the terms of two written agreements, and that TAIS had misappropriated Bierman's "trade secrets." The court also noted that the eighth cause of action for an accounting was withdrawn to the extent it was preempted.

Thus, because Bierman had withdrawn any claims that might be preempted by the Copyright Act, the court dismissed with prejudice those portions of the seventh and eighth causes of action that were preempted, and found that the remaining state law claims should be remanded to state court.

On November 19, 2010, TAIS filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment, asserting that because Bierman had filed another suit in this court against International Business Machines ("IBM"), involving the same intellectual property, the remand order should be vacated and the case against IBM should be ordered related to the case that had just been ordered remanded. The court

2

denied the motion. TAIS appealed the remand order and the order on the Rule 59(e) motion, and on May 12, 2012, the Ninth Circuit issued an order affirming both orders.

On August 16, 2012, TAIS filed a motion for summary judgment in Marin County Superior Court. The motion was set for hearing on October 31, 2012. Plaintiff filed his opposition on October 17, 2012, and Toshiba Corp. filed a notice of removal the following day.

In its notice of removal, Toshiba Corp. alleged that it had been served with the state court summons and complaint on September 19, 2012; and also alleged that TAIS joined in the notice of removal (even though it acknowledged that the claims against TAIS had previously been remanded). Toshiba Corp. alleged further that removal was proper because the complaint arises under the Copyright Act.

Bierman asserts that removal was improper. In his motion, Bierman contends that nothing in this case has changed since it was remanded previously, and that he has always maintained that he is not asserting federal claims against either Toshiba entity. Thus, he asserts that there is no federal question jurisdiction.

In opposition, defendants argue that it is not true that the court previously dismissed all federal claims from the entire lawsuit. Their reasoning is that because at the time of the dismissal, Bierman had not served process on Toshiba Corp. – but only on TAIS – neither Bierman nor the court addressed Bierman's claims directly as to Toshiba Corp., and the withdrawal of federal claims and the order of dismissal applied to TAIS only.

Defendants claim that after the case was remanded, Toshiba Corp. attempted to eliminate the need for removal by asking Bierman to confirm that he was not pursuing any federal causes of action against Toshiba Corp., and that any federal claims in the complaint would be considered to be withdrawn, consistent with Judge Chesney's order of 12, 2010. However, according to Toshiba Corp., Bierman would not clearly agree that he was asserting no federal claims.

Defendants assert that it is only now that Bierman is willing to provide that representation, and that the court should dismiss the seventh and eighth causes of action

with prejudice against Toshiba Corp, consistent with the court's prior dismissal of those claims against TAIS.  In addition, however, defendants argue that because (in their view) this court had subject matter jurisdiction at the time that Toshiba Corp. removed the case (based on their assertion that Bierman failed to unequivocally confirm that there were no federal claims), the court should now exercise supplemental jurisdiction over the remaining state law causes of action in light of the pendency of the other three cases, which Toshiba thinks should be related to this one based on "[t]he efforts that this [c]ourt has already undertaken in the various Bierman and Intellisoft cases . . . ," and also based on the fact that if the case is remanded, the parties will be engaging in duplicative discovery and both this court and the state court will be addressing similar issues of procedural and substantive law.

    Defendants also argue, essentially, that there would be no benefit to remanding the case, because the state court case has only begun – while it was originally filed in July 2010, removed in September 2010, and remanded in November 2010, the appeal before the Ninth Circuit essentially resulted in a stay of the case until 2012.  The parties did not begin discovery until late summer of 2012, and the state court has not addressed the substance of the claims or set any case schedule.  While TAIS did file a motion for summary judgment in state court, briefing was not completed prior to Toshiba's removal of the case.

    Finally, defendants argue that the Ninth Circuit's affirmance of the order remanding the case to state court does not preclude or undermine the assertion of supplemental jurisdiction now, as the issue before the Ninth Circuit was whether the district court was within its discretion to remand the case in November 2010, and to deny TAIS' motion for reconsideration in December 2010.  Defendants contend that because of the events that have transpired since then (granting of summary judgment for IBM in Bierman v. IBM, filing of appeal in that case, filing of additional cases by Bierman and Intellisoft, and orders staying those cases pending the Ninth Circuit's ruling), it makes more sense for this court to exercise supplemental jurisdiction over this case.

In reply, Bierman disputes defendants' assertion that he did not withdraw the seventh and eighth causes of action as to both defendants when the case was previously pending in this court. He points to his response to TAIS' response to the order to show cause, in which he stated that his claim for unjust enrichment was "not premised on copyright or any right equivalent to copyright," but on the assertion that TAIS "unjustly received benefits at the expense of [p]laintiff" through TAIS' wrongful conduct, "including, but not limited to, [the] misappropriation of [p]laintiff's Bookmark products and Bookmark technology, breach of the NDA, and breach of the Licensing Agreement."

Beirman claims that because the <u>complaint</u> specifies that TAIS and Toshiba Corp. will be collectively referred to as "Toshiba," it is clear that plaintiff's statements in his response to TAIS' response to the OSC must be interpreted as a disclaimer of any federal claim in the case – against either TAIS or Toshiba Corp.

Bierman also asserts that the court's order referring to "Toshiba" must be interpreted as a reference to both TAIS and Toshiba Corp., and that because the court stated that Bierman had withdrawn the seventh cause of action "to the extent it is preempted," it is also clear that the preempted portion of the seventh cause of action was totally withdrawn, as to both defendants. In addition, he asserts, because a federal court can decline to exercise supplemental jurisdiction over state law claims only when it has dismissed all claims over which it has jurisdiction, the court could not have previously remanded the case if any federal claim remained in the case.

The court finds that the motion must be GRANTED. It is clear that Bierman withdrew any federal copyright claims while the case was pending before Judge Chesney (before Toshiba Corp. was served). Based on that prior withdrawal, and Bierman's present assertion that he does not intend to pursue federal copyright claims against either TAIS or Toshiba Corp., and to the extent that anything remained of the preempted portions of the seventh and eighth causes of action after Judge Chesney remanded the case, the court dismisses those portions of the seventh and eighth causes of action, and finds that the state law claims must be remanded.

Case4:12-cv-05375-PJH   Document30   Filed01/29/13   Page6 of 6

Accordingly, this case is hereby REMANDED to the Marin County Superior Court. Because the court finds that defendants have not met their burden of establishing removal jurisdiction, and that remand is thus warranted, the court need not address the motion to dismiss. The February 6, 2013 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: January 29, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge